# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

DARRELL L. FREEMAN,

    Plaintiff,

v.                                                                                            Case No.: _____

BIRDON AMERICA, INC.,

    Defendant.

_____/

## **INITIAL COMPLAINT**

COMES NOW the plaintiff, Darrell L. Freeman, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, Birdon America, Inc. (hereinafter either "defendant" or "Birdon"), and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Age Discrimination in Employment Act (ADEA), which is codified at 29 U.S.C. § 621, *et seq*.

2.    Plaintiff has met all of the statutory prerequisites to filing suit. He timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC); the EEOC issued him a notice of right to sue on December 16, 2025; and plaintiff is filing suit within 90 days of his receipt of that notice.

3.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## II. Parties

4. Plaintiff was born in 1953 and at all times pertinent hereto he was an employee of defendant.

5. Defendant is a corporation which is engaged in commerce and activities affecting commerce and has had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Defendant is an employer as that term is defined in the Age Discrimination and Employment Act, and it is subject to the requirements of that Act.

## III. Factual Allegations

6. Plaintiff was an employee of defendant who served as a Superintendent at its shipyard located in Bayou La Batre, Alabama.

7. In fact, Mr. Freeman had worked at that shipyard since 2018, and he became an employee of defendant when it acquired the shipyard in March 2024.

8. As a Superintendent for defendant, Mr. Freeman was responsible for scheduling, process development and planning, contract negotiations, client relationships/communications, and resolving technical problems which arose.

9. Plaintiff was qualified for the position he held with defendant. He met all of the minimum job requirements for his position, and he could perform all of the essential functions of his job.

10. Moreover, Mr. Freeman received highly successful performance reviews and was routinely complimented on his job performance by his superiors. Moreover, he was repeatedly advised by defendant that he was doing a "fantastic" job.

11.   Furthermore, defendant never disciplined plaintiff for any reason or otherwise criticized his performance.

12.   Nevertheless, on or about June 13, 2025 defendant summarily terminated Mr. Freeman's employment without cause.  He was 72 years old at the time.  He was also one of the oldest individuals employed by defendant in Bayou La Batre, Alabama.

13.   Thereafter, duties which had been performed by plaintiff were assumed by one or more substantially younger individuals.

14.   These substantially younger individuals were also substantially less qualified than plaintiff for their positions.

15.   A determinative factor in defendant's decision to terminate plaintiff's employment was his age.  In fact, defendant selected him for termination because of his age.

16.   Additionally, upon information and belief, defendant's termination of plaintiff was part of a pattern and practice of its discriminating against employees because of their age.

### V.  Age Discrimination
### (Federal Statute)

17.   Plaintiff realleges and incorporates herein paragraphs 1 through 16, above.

18.   The actions of defendant, as described above, violate the Age Discrimination in Employment Act, which provides in pertinent part that "[i]t shall be unlawful for an employer to discharge … or otherwise discriminate against any individual … because of [his] age … ."  29 U.S.C. § 623(a).

19.   Defendant knew or should have known that its actions were discriminatory

and violated the ADEA at the time they were taken.  Nevertheless, defendant acted willfully and in reckless disregard of the rights of plaintiff.

20.   Plaintiff has been damaged as a result of defendant's actions.  Such damages, which have occurred in the past and will continue into the future, include the loss of employment, salary, raises and increments in such salary, and the loss of non-salary benefits and emoluments of employment.

21.   Plaintiff has been required to hire an attorney to assist him in asserting and protecting his rights.

WHEREFORE, plaintiff demands back pay and all pay increases, bonuses, and benefits associated with employment, health, or retirement; statutory liquidated damages; reinstatement or front pay (i.e., loss of future earnings) in the event reinstatement is not offered or awarded; interest, including prejudgment interest; attorney's fees; costs; and any other relief to which plaintiff may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net
